NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2747

_____

D.P., a Minor By and Through His Parent, Maria P.;
MARIA P., an Adult, Individually and on Her Own Behalf

v.

COUNCIL ROCK SCHOOL DISTRICT

D.P. and Maria P.,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 10-cv-04519
(Honorable Jan E. DuBois)

_____

Argued March 6, 2012

Before:  SCIRICA, AMBRO and VAN ANTWERPEN, *Circuit Judges*.

(Filed:  April 27, 2012)

MICHAEL E. GEHRING, ESQUIRE (ARGUED)
DENNIS C. McANDREWS, ESQUIRE
McAndrews Law Offices
30 Cassatt Avenue
Berwyn, Pennsylvania 19312
        Attorneys for Appellants

GRACE M. DEON, ESQUIRE (ARGUED)
Eastburn & Gray
60 East Court Street
P.O. Box 1389

Doylestown, Pennsylvania 18901
      Attorney for Appellee

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

This case involves a request for tuition reimbursement under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1412(a)(10)(C). Maria P., on behalf of her minor son, Drake P., appeals from the District Court's order granting summary judgment on the administrative record in favor of the Council Rock School District. We will affirm.

I

Drake P. (D.P.) transferred from Hamilton Township School District in New Jersey to the Council Rock School District in Pennsylvania in 2007. Because D.P. transferred to an out-of-state school district, Council Rock was required to provide a Free Appropriate Public Education (FAPE) that included services comparable to those described in his previous Individualized Educational Plan (IEP) until it could develop an IEP. 20 U.S.C. § 1414(d)(2)(C)(i)(II). The Council Rock School District identified D.P. as a student in need of special education services because of his autism and speech and language impairment. He initially attended Richboro Elementary School during the summer for his Extended School Year (ESY) program, but because he was found to be "higher functioning" than the other students, he was assigned to Goodnoe Elementary School for the 2007-08 school year for part-time autistic support.

D.P.'s October 2007 IEP provided for a placement of part-time autistic support, including activities in the community. The IEP also provided D.P. with an ESY program, offering sufficient opportunities to maintain his skills during the 2008 summer. In December 2007, the school district's psychologist observed a number of inappropriate behaviors, such as D.P. stamping his feet, turning over a chair, biting his hand, and banging his head on the floor.

After evaluating D.P., Council Rock issued a Reevaluation Report on December 3, 2007. D.P.'s parents responded by letter to the school district with comments insisting that D.P. be taught through a Verbal Behavior System and requested a functional behavior analysis and behavior support plan. They also requested that D.P. be transferred from Goodnoe Elementary to Richboro Elementary for the Verbal Behavior system. Council Rock issued a revised Reevaluation Report on December 17, 2007. In January 2008, Council Rock transferred D.P. to Richboro Elementary at the request of the parents and provided D.P. a research-based program that included one-to-one direct teaching. After several IEP team meetings, the parents approved D.P.'s IEP for the period January 22, 2008 through January 21, 2009, by signing and returning a Notice of Recommended Educational Placement (NOREP) letter on January 13, 2008.

The February 2008 revision of D.P.'s IEP addressed a need for teaching him in natural environments (an educational teaching program utilized in a regular public school away from a structured setting) and developing socialization and generalization skills.

From February 2008 through May 2008, D.P. began to exhibit new unwanted, more extreme behaviors. A May 2008 report indicated D.P. regressed, losing skills

3

previously attained through Verbal Behavior programming. After determining D.P.'s anticipated summer placement at Newtown Elementary for ESY Services was inadequate, the parents unilaterally placed him at Comprehensive Learning Center (CLC), a private school for children with autism, and notified the school district. In a letter dated June 27, 2008, D.P.'s mother stated she would withdraw D.P. from the Council Rock School District on July 11, 2008, and enroll him for the upcoming 2008-2009 school year at CLC. Although the record reflects the IEP team met on June 16, 2008, and July 31, 2008, a new IEP was not approved. The parents' decision to unilaterally enroll D.P. at CLC on July 11, 2008, and not convene an IEP team meeting resulted in the expiration of D.P.'s IEP on January 21, 2009.

According to D.P.'s parents, he thrived at CLC. Unfortunately, D.P. suffered two tragedies in December 2008. The family's house burned down and then, two days later, D.P.'s father passed away. Nevertheless, D.P.'s mother endeavored to ensure that D.P. did not miss any school at CLC.

On April 1, 2009, D.P.'s mother notified the school district through counsel of their intent to seek a due process hearing under IDEA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, alleging it failed to offer D.P. a FAPE for the 2008-2009 school year. She sought reimbursement for the cost of tuition at CLC for the entire academic year. After six hearings and after evaluating expert testimony and reports, the due process hearing officer determined Council Rock fulfilled its legal obligations under IDEA for the 2008-2009 school year and declined to order the school district to reimburse plaintiffs for the cost of tuition at CLC.

4

Plaintiffs then filed suit in federal court seeking an award of tuition reimbursement for the school district's failure to provide a FAPE to D.P. As noted, the District Court entered summary judgment on the administrative record in Council Rock's favor and plaintiffs appeal.[1]

## II

A district court considering an IDEA claim makes its own findings under a modified *de novo* standard affording due weight to administrative findings. *S.H. v. State-Operated Sch. Dist. of the City of Newark*, 336 F.3d 260, 269-70 (3d Cir. 2003). We exercise plenary review of legal conclusions. *Id*. The issue of whether an IEP is appropriate is a question of fact which we review for clear error. *P.P., ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 734-35 (3d Cir. 2009).

## III

Plaintiffs allege the District Court erred by holding Council Rock satisfied its obligation to provide D.P. with a FAPE for the second half of the 2008-2009 school year and thereby denying tuition reimbursement for that time period. They do not dispute the hearing officer's determination that the IEP offered to D.P. at the beginning of the 2008-2009 school year was adequate. Instead, they assert that when the IEP expired mid-year, given the two tragedies D.P. suffered in December 2008, Council Rock had a duty to update the IEP to place him at CLC because transitioning out of CLC would disrupt his education. Council Rock responds that because D.P. was withdrawn unilaterally from the

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3). We have jurisdiction under 28 U.S.C. § 1291.

school district and because his mother did not communicate her intent to reenroll him in the district's schools, Council Rock was not required to update his IEP when it expired.

Under IDEA, states receiving federal education funding must provide disabled children with a FAPE, 20 U.S.C. § 1412(a)(1), which is done by designing and implementing an IEP, *Mary T. v. Sch. Dist. of Phila.*, 575 F.3d 235, 240 (3d Cir. 2009). "The IEP must be 'reasonably calculated' to enable the student to receive 'meaningful educational benefits' in light of the student's 'intellectual potential.'" *Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex rel. P.S.*, 381 F.3d 194, 198 (3d Cir. 2004) (quoting *Polk v. Cent. Susquehanna Interm. Unit 16*, 853 F.2d 171, 181 (3d Cir. 1988)).

If a parent believes the school district has not provided a FAPE, the parent may unilaterally remove his or her child from the public school, place the student in a private school, and seek tuition reimbursement for the cost of the alternative placement. 20 U.S.C. § 1412(a)(10)(C). But a court may only grant a parent's request for tuition reimbursement if "the [s]chool [d]istrict failed to provide the required FAPE and the parents sought an appropriate private placement." *Mary T.*, 575 F.3d at 242.

A school district is obligated to have an IEP in place at the beginning of the school year. 20 U.S.C. § 1414(d)(2)(A). But if a student is enrolled at a private school because of a parent's unilateral decision, the school district does not maintain an obligation to provide an IEP. *Id.* § 1412(a)(10)(A)(i) (requiring a school to provide "for such children special education and related services in accordance with [certain] requirements" but not an IEP). Under the federal regulations, a school district has different obligations to students enrolled in private schools by their parents as opposed to students enrolled by

6

the school district. *Compare* 34 C.F.R. § 300.146 (stating a State Educational Agency (SEA) must provide a disabled student enrolled by a public agency at a private school with "special education and related services (1) [i]n conformance with an IEP … and (2) [a]t no cost to the parents" ) *with* § 300.137 ("No parentally-placed private school child with a disability has an individual right to receive some or all of the special education and related services that the child would receive if enrolled in a public school"). A parent is entitled to request a reevaluation of the student's IEP at any time, 20 U.S.C. § 1414(a)(2)(A)(ii), that a school district must complete within 60 calendar days, 22 Pa. Code § 14.124(b). But this obligation is contingent on the parent's request.

In this case, plaintiffs never requested that Council Rock School District perform a reevaluation of D.P.'s IEP and never informed the school district of an intent to reenroll D.P. in public school. The IEP in place at the beginning of the 2008-2009 school year provided D.P. with a FAPE. When D.P. enrolled at CLC in July 2008, the school district was no longer required to update his IEP because "[a] school district is only required to continue developing IEPs for a disabled child no longer attending its schools when a prior year's IEP for the child is under administrative or judicial review." *MM ex rel. DM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 536 (4th Cir. 2002). Because we examine the adequacy of the IEP "as of the time it is offered to the student and not at some later date," *Fuhrmann ex rel. Fuhrmann v. E. Hanover Bd. of Educ.*, 993 F.2d 1031, 1040 (3d Cir. 1993), we agree with the District Court that, without notification of an intent to reenroll in public school, the school district was under no obligation to update D.P.'s IEP to account for the events that occurred in December 2008. Although Council Rock's

7

obligation to provide an updated IEP was not triggered, nothing in this opinion undermines the school district's obligation to provide D.P. with the appropriate services required under the IDEA and the regulations.[2]

Because the District Court did not err in concluding that Council Rock satisfied its obligation to provide D.P. with a FAPE for the second half of the 2008-2009 school year, D.P.'s parents were not entitled to reimbursement for his unilateral placement at CLC for that time period.[3] *See* 20 U.S.C. § 1412(10)(C)(i).

## IV

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] For example, the school district retains its obligations to D.P. under the "child find" requirements, *see* 20 U.S.C. § 1412(a)(10)(A)(ii)(I) and 22 Pa. Code §§ 14.121-14.123, and to ensure that adequate available funds were apportioned in order to provide special education services and programs, *see* 20 U.S.C. § 1412(a)(10)(A)(i).

[3] We also agree with the District Court that plaintiffs exhausted their administrative remedies. The due process hearing officer was able to consider the effect of the two tragedies on D.P.'s IEP and the period of January 2009 to June 2009 was necessarily included in the period considered by the officer. Because the record has been factually developed, there is no need to remand the matter to the administrative process. *See Lester H. ex rel. Octavia P. v. Gilhool*, 916 F.2d 865, 869 (3d Cir. 1990).